STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
FRANCIS L. CORBIN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 13, 1959—Decided April 28, 1959.

Before Judges GAULKIN, SULLIVAN and FOLEY.

*Mr. Peter W. Thomas* argued the cause for defendant-appellant (*Messrs. Lum, Fairlie & Foster,* attorneys).

*Mr. Myles J. Gilsenan,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. H. Douglas Stine,* Union County Prosecutor, attorney).

The opinion of the court was delivered by
FOLEY, J. A. D.   This is an appeal from a conviction of drunken driving, entered in the Union County Court. The defendant was originally tried and convicted in the Municipal Court of the City of Summit.

The case presented by the State included the following proofs:

On Sunday, March 9, at about 7:10 P. M., defendant while driving his automobile collided with a vehicle which

was parked at 528 Morris Avenue, Summit, New Jersey. The owner of the vehicle, and friends she was visiting at this address, heard the crash and ran outside immediately. All noted that defendant staggered as he walked, talked very slowly and had an odor of alcohol on his breath. All were of the opinion that he was intoxicated. Patrolmen Fitzgerald and Wrisley, who arrived shortly thereafter, testified to like effect, as did the desk sergeant at Summit Police Headquarters to which defendant was taken. There an examination by the city physician revealed that his speech was rambling at times and that he groped for words. He swayed in upright position and staggered as he walked. His eyes were congested, his pupils were dilated and reacted sluggishly to light. He had a moderate odor of alcohol on his breath which was accounted for by two "martinis" which admittedly he had consumed a half hour earlier. It was the doctor's opinion that defendant was under the influence of intoxicating liquor. A formal complaint of violation of *R. S.* 39:4–50 was then signed by Patrolman Fitzgerald and defendant was placed in a cell, first having been told the doctor's findings and the nature of the charge. He was told also that he would be held for eight hours and was asked if there was anyone he wished to call. At about 8:15 P. M. defendant requested that Ralph Lum, Jr., Esq., a member of the Bar residing in Chatham, N. J., be contacted. Lt. William Behre reached Mr. Lum by telephone, explained the circumstances and told him that he could not release the defendant in bail for eight hours unless ordered to do so by the local magistrate. Later this officer received a telephone call from the Chatham police and, at their request, furnished them with the telephone number of Judge Bierman, the Summit magistrate. Nobody came to the headquarters in defendant's behalf, and no application for bail was made until the following morning when defendant was released.

There was some dispute as to the time Mr. Lum was notified of his client's predicament and as to what Lt. Behre

told him in connection with the bail. Lum fixed the hour as being about 10:00 P. M. and it was not his recollection that he had been advised that the regulation requiring the police to hold defendant for eight hours could be modified by the magistrate. We deem this factual conflict to be of no significance. Following his conversation with the lieutenant, Mr. Lum laid the situation before a friend who was the magistrate of Chatham and, as a result of his conversation with him, concluded that it would be "impossible \* \* \* to arrange bail" that evening and that it would be "silly" for him to go over to Summit in view of what he had been told.

The main point made on the appeal is that defendant was deprived of certain rights guaranteed by the Constitutions of the United States and of this State. First it is said that he was denied the protection of *N. J. Const., 1947, Art.* I, *par.* 11:

"All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great."

The gist of the argument projected is that the enforced detention of persons by the City of Summit for a period of eight hours, during which they are not bailable, is in conflict with the constitutional grant. With this we do not disagree. However, the invalidity of the regulation has no bearing on the case. The plain fact is that no application for bail was made in defendant's behalf under *R. R.* 8:9–1 or *R. R.* 8:9–2 (*a*) during the eight-hour period, and it cannot be assumed that the official hearing a proper application, had one been presented, would have denied bail in violation of his sworn duty. Next it is claimed that the police failed to inform defendant of the charge against him in derogation of *N. J. Const., 1947, Art.* I, *par.* 10:

"In all criminal prosecutions the accused shall have the right \* \* \* to be informed of the nature and cause of the accusation. \* \* \*"

and of the similar provision contained in the *U. S. Const., Amend* VI. The point lacks merit since this was a matter of factual dispute the resolution of which is not reviewable. Lastly, it is urged that there was withheld from defendant the right to the assistance of counsel in his defense, as provided by *N. J. Const., Art.* I, *par.* 10 ; and *U. S. Const., Amend.* VI. The buttressing argument unwarrantedly assumes that defendant was denied this assistance for a period of one and one-half hours after "arraignment," it being contended that the "issuance of the summons and complaint was comparable to arraignment." Aside from the fallacy of this proposition in legal purview, it was open to the County Court to find as a matter of fact that the police communicated with defendant's attorney within minutes after they were requested to do so.

The second point raised is that the evidence was lacking in the quality required to sustain conviction. It is well established that this court may concern itself only with the sufficiency of the evidence as distinguished from the weight of the same. See *State v. Emery,* 27 *N. J.* 348, 353 (1958) ; *State v. Dantonio,* 18 *N. J.* 570 (1955) ; *State v. Myers,* 136 *N. J. L.* 288 (*Sup. Ct.* 1947). That the point is without substance is amply demonstrated by the factual recital contained herein.

Affirmed.